[No. 22771. Department One. March. 19, 1931.]

A. R. JOHNSON, *Respondent,* v. TOWNSEND & COMPANY, *Appellant.*[1]

*Neal & Bonneville,* for appellant.
*J. W. Quick,* for respondent.

MITCHELL, J.—This action arose over an open account between the parties. Findings of fact and judgment were entered for the plaintiff, A. R. Johnson. The defendant Townsend & Co., a corporation, has appealed.

Appellant is a broker handling stocks and bonds, with offices in Tacoma. As such broker, it did considerable business with and for the respondent over a period of several months, purchasing and selling stocks. It purchased for him certain Gardner Motors stock, that was fully paid for by the respondent, though not delivered to him until after the transaction concerning Cleveland Tractor stock, out of which the present controversy largely arose.

It appears that one of the appellant's salesmen placed with the appellant two written orders on the

[1]Reported in 296 Pac. 1046.

same day for a total of three hundred shares of Cleveland Tractor stock at thirty-two dollars a share, to be paid for by respondent as a cash transaction. The filing of the orders was without the knowledge, consent, or authority of the respondent. The appellant, without any notice of lack of authority on the part of the salesman in filing the written orders, in good faith, as the trial court found upon the evidence, purchased three hundred shares of Cleveland Tractor stock and entered the same upon its books against the respondent at thirty-two dollars per share.

Thereafter, respondent called to get the Gardner Motors stock, together with a statement of and the proceeds from the sale of other stock the appellant had sold for respondent, and then learned for the first time that the three hundred shares of Cleveland Tractor stock had been purchased for and charged to him. He promptly told appellant that he had not authorized the order for that stock, and would not pay for it.

There were several conversations and some controversy over the matter, including a refusal on the part of the appellant to deliver the Gardner Motors stock, and also a refusal to account for funds held for the respondent, unless and until the Cleveland Tractor stock was paid for according to the account in appellant's books. In this situation, as the respondent contends, though denied by the appellant, he then offered to take the three hundred shares of Cleveland Tractor stock at its then market price of twenty-six dollars per share, and the offer was accepted and agreed to by the appellant. At that time, upon the claim by the appellant of the pressure of business, the furnishing of a statement of respondent's account was put off from time to time.

In the meantime, respondent, apparently tiring of the delay, arranged with another person as his agent

to get a settlement with the appellant, including delivery of the stock to which respondent was entitled. For that purpose, the appellant, without rendering any statement of account, insisted upon a stated amount as the balance due upon the Cleveland Tractor stock, over and above the amount of money appellant already held for the respondent, and that upon receipt of the amount thus stated it would deliver the Gardner Motors stock and the three hundred shares of the Cleveland Tractor stock.

Upon this report, the respondent, insisting that the amount was too large, but not being fully advised, on account of the lack of an itemized statement of his account, nevertheless authorized his new agent to make the payment, in order to get the property belonging to the respondent. The agent did so.

Subsequently, upon getting an itemized statement of his account, the respondent ascertained that he had been charged thirty-two dollars instead of twenty-six dollars per share for the Cleveland Tractor stock. He thereupon brought this action to recover judgment for the overpayment he had been compelled to make, consisting of six dollars per share for the three hundred shares of stock, together with interest connected therewith erroneously charged against him.

The appeal presents principally only questions of fact. The evidence, in our opinion, does not preponderate against the trial court's finding that the respondent never authorized appellant's salesman to purchase for the respondent the Cleveland Tractor stock at thirty-two dollars per share, or at all, and also does not preponderate against the court's finding that later on, the respondent and appellant agreed that he should have the stock at its then market price of twenty-six dollars per share.

■ As a legal proposition, appellant contends that the final payment made by the respondent, through his agent, was a voluntary payment amounting to accord and satisfaction, or compromise and settlement. Had the respondent known, at the time the payment was made, that it covered a charge of thirty-two dollars a share for the stock, the situation would be somewhat different with reference to this argument on behalf of the appellant. In making the payment, however, it is clear that respondent supposed that the charge for this stock would be twenty-six dollars per share, at which price the court found it had been purchased a few days prior to the payment by agreement between the parties. The payment made was compelled and involuntary, justifying an action to recover the excess. In this respect, the court found, upon what appears to be a preponderance of the evidence:

"That plaintiff paid to defendant the sum of $1,975.50 in excess of the amount due the defendant, which said sum was paid by reason of the defendant failing and refusing to render to plaintiff a statement of his account and refusing to deliver to plaintiff the shares of stock which plaintiff had purchased and paid for and which were held by defendant, and refusing to turn over to plaintiff the amount of money belonging to plaintiff and held by defendant."

Respondent was unable to get his property, or a statement of his account, until the payment was made. "Payments made under what, for lack of a better term, we may call business compulsion are to be held to be involuntary payments; . . . " *Duke v. Force,* 120 Wash. 599, 208 Pac. 67, 23 A. L. R. 1354, and cases cited.

Judgment affirmed.

TOLMAN, C. J., HOLCOMB, PARKER, and MAIN, JJ., concur.